IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLEMENTE VARELA<br>(Dallas Cnty. Jail Bookin No. 20000105),<br><br>Plaintiff,<br><br>V.<br><br>LEW STERRETT,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:20-cv-647-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clemente Varela, detained pretrial at the Dallas County jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983 after he was allegedly injured in the jail kitchen while washing dishes. *See* Dkt. No. 3.

His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

In his initial complaint, directed at the Dallas County jail, Varela alleged that a "metal dish sprayer hit [him] in [his] left eye causing [him] to lose sight in [that] eye permanently." Dkt. No. 3 at 4. He initially alleged that, as a result, he was suing "Dallas County for not using proper procedure and losing sight in [his] left eye along with body injur[ie]s, and also forcing [him] to continue to work threatening [his] trusty status." *Id.*

The Court, construing his claims as against Dallas County – as the jail is not a

jural entity – entered a Notice of Deficiency and Order, notifying Varela as to the legal standards applicable to municipal liability and directing him to file an amended complaint by April 23, 2020. *See* Dkt. No. 4.

Through an amended complaint, docketed on April 13, 2020, Varela shifts the allegations concerning his injury away from the County and toward three guards at the jail, and the undersigned liberally construes Varela as alleging that these defendants violated his constitutional right to due process by acting with deliberate indifference to his medical needs. *See* Dkt. No. 5.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Varela's lawsuit with prejudice for failure to state a claim on which relief may be granted.

**Legal Standards and Analysis**

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10,

12 (2014) (per curiam)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL

3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45); *accord Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020).

"[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). Through the procedural and substantive due process guarantees of the Fourteenth Amendment, then, "the deliberate indifference standard articulated ... in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees." *Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare*, 74 F.3d at 643).

To state a constitutional claim based on how the three officers responded when he was injured – episodic acts or omissions – Varela must allege facts to show (or from which the Court may infer) that these jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of*

-4-

*Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)))). "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838); *cf. id.* ("Deliberate indifference is an extremely high standard to meet."); *accord Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018).

And a disagreement with medical treatment or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish a constitutional violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").

Varela's allegations do not make this showing. As to Ms. Freeman and Mr. Ortiz, he alleges that, when he was injured in January 2020, he first looked for Ms. Freeman, the guard to whom he was assigned, but she was gone. *See* Dkt. No. 5 at 4. "That is when I found Mr. Ortiz who seen the severity of my injuries and promptly escorted me to the infirmary. I was then escorted to Parkland Hospital." *Id.*

Separately, in February 2020, while again working in the kitchen, Varela alleges that he "slipped & fell, injuring [his] right side." *Id.* at 6. Without explaining why or how, Varela adds,

> [d]ue to the loss of sight in my left eye, the fall was much worse than it should have been. I dislocated by right shoulder & have experienced much pain in my back. Mr. Williams was the guard that escorted me to the infirmary Since that day, I've had pain from my elbow, to my right hip, right knee, and everything in between. I have yet to see a specialist, just given I.B. Profin.

*Id.*; *see also id.* (further alleging that Ms. Freeman has forced him to continue working, "disregarding" his injuries).

Varela may not agree with the care that he has received. But his own allegations reflect that he was not ignored and was instead taken to receive medical attention after each injury. As such, the facts that he has provided, as amended, do not plausibly allege that any defendant acted with wanton disregard.

And, because the Court has already allowed Varela leave to amend, to state his best case, further leave to amend would be futile. As such, the Court should dismiss this action with prejudice.

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE